IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW D. LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-1054-SLP |
| | ) |
| MARTIN J. O'MALLEY | ) |
| Acting Commissioner of the | ) |
| Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is the Report and Recommendation (R&R) [Doc. No. 21] of United States Magistrate Judge Gary M. Purcell, recommending that the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) be affirmed. Plaintiff timely filed an objection to the R&R. *See* [Doc. No. 22]. The Court must make a de novo determination of any portion of the R&R to which a specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In this appeal under 42 U.S.C. § 405(g), Plaintiff challenges the decision of the Administrative Law Judge (ALJ) with respect to the residual functional capacity (RFC) findings and the ultimate denial of benefits. *See* Pl's Brief [Doc. No. 13]; *see also* Obj. [Doc. No. 22]. The ALJ determined Plaintiff had the following severe physical

---

[1] Martin O'Malley is the Acting Commissioner of the Social Security Administration and is substituted as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

impairments: "spine disorder, reconstructive surgery, or surgical arthrodesis of major weight bearing joint." *See* Administrative Record (AR) [Doc. No. 6-2] at 19.[2] The ALJ found Plaintiff had the RFC to perform a full range of light work, and that he was not disabled. *Id.* at 20, 25-26. The ALJ found Plaintiff unable to perform past relevant work as a heavy truck driver, but that he was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including work as a deli slicer, housekeeping cleaner, and office helper. *Id.* at 24-25.

Plaintiff asks the Court to reverse the Commissioner's decision and remand the case for further proceedings. Plaintiff primarily argues: (1) the ALJ failed to consider illiteracy as a mental limitation and failed to develop the record on that issue; and (2) the ALJ erred in assessing Plaintiff's pain. Mot. [Doc. No. 13] at 3-15; Obj. [Doc. No. 22] at 3-10. Plaintiff claims the RFC did not properly account for these limitations. *See id.*

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's review is limited to "determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). A court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's

---

[2] Citations to the parties' submissions and the R&R refer to the Court's ECF pagination. Citations to the Administrative Record refer to its original pagination.

findings in order to determine if the substantiality test has been met." *Id.* at 1262. However, it may not "reweigh the evidence nor substitute [its] judgment" for the Commissioner's. *Knight ex rel. P.K. v. Colvin*, 756 F.3d 1171, 1175 (10th Cir. 2014) (citation omitted).

In the R&R, the Magistrate Judge recommends that the Court affirm the ALJ's decision. [Doc. No. 21] at 1, 13. As relevant here, the Magistrate Judge found the ALJ properly considered Plaintiff's subjective complaints of pain, and substantial evidence supported the ALJ's conclusion that those allegations were inconsistent with the record in light of objective medical evidence, Plaintiff's daily activities, his limited medical treatment, and his work history. *Id.* at 4-11. As to literacy, the Magistrate Judge initially noted that Plaintiff failed to directly raise the issue in his opening brief. *Id.* at 11-12. Nonetheless, the Magistrate Judge went on to find any failure by the ALJ to consider illiteracy was harmless error because the Medical-Vocational Guidelines direct that an individual such as Plaintiff would not be considered disabled even if illiterate because he is between ages 18-49, has a high school education, and is able to perform light work. *Id.* at 12-13. Plaintiff objects to each of these findings. *See* [Doc. No. 22].

The Court finds Plaintiff's objection regarding consideration of his pain is without merit. Within the Tenth Circuit, the framework for considering evidence of pain is as follows:

> (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether the impairment is reasonably expected to produce some pain of the sort alleged [i.e., a "loose nexus" between the impairment and the claimant's subjective allegations of pain];

3

and (3) if so, whether, considering all the evidence, both objective and subjective, the claimant's pain was in fact disabling.

*Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166-67 (10th Cir. 2012) (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[3] If the first two steps are met, the ALJ is required to consider the plaintiff's assertions of pain and determine whether those assertions are credible considering other evidence in the record. *See Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004).[4]

Much of Plaintiff's argument on the pain issue is a restatement of his opening brief, rather than an actual objection to the R&R. *See* Obj. [Doc. No. 22] at 7-9; *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely *and specific* to preserve an issue for de novo review by the district court . . . ." (emphasis added)). Nonetheless, the Court agrees with the Magistrate Judge that the ALJ conducted a proper pain analysis.

The ALJ correctly described the procedure for consideration of pain as set forth above. *See* AR [Doc. No. 6-2] at 20. He discussed Plaintiff's subjective allegations of

---

[3] The first two steps in *Luna* are considered as one step in the agency process found in SSR 16-3P. *Martinez v. Kijakazi*, No. 1:20-CV-00991-WJ-KRS, 2022 WL 214539, at *3 (D.N.M. Jan. 25, 2022).

[4] Evidence the ALJ should consider includes "a claimant's persistent attempts to find relief for his pain, his willingness to try any treatment prescribed, regular use of crutches or a cane, regular contact with a doctor, the possibility that psychological disorders combine with physical problems, the claimant's daily activities, and the dosage, effectiveness, and side effects of medication." *Keyes-Zachary*, 695 F.3d at 1167 (citing *Luna*, 834 F.2d at 165-66) (cleaned up); *see also* SSR 16-3P, 2016 WL 1119029, at *7 (listing similar factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms); 20 C.F.R. § 404.1529(c)(3) (listing similar factors to consider).

4

pain and objective medical evidence before finding the first two steps under *Luna* are met: i.e., "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms." *Id.* at 23. However, the ALJ ultimately found "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

To that end, the ALJ first analyzed the relevant medical evidence, including Plaintiff's physical examination on March 18, 2021, which he found "supports the claimant's allegations of some physical discomfort and restrictions, but not the degree of limitation in work-related functioning allege by the claimant." *Id.* at 22. Most importantly, the ALJ thoroughly discussed other evidence in the record, including Plaintiff's daily activities, his limited medical treatment for pain, and his work history.[5] *Id.* at 22-23. This discussion is sufficient to support the decision, and Plaintiff has not identified any relevant evidence elsewhere in the record that the ALJ should have considered.[6] *See Keyes-*

---

[5] Plaintiff briefly asserts the ALJ should not have considered Plaintiff's lack of treatment for pain (i.e., him taking only ibuprofen and no pain medication) because "his insurance does not cover it." Obj. [Doc. No. 22] at 9. But pain treatment was one among multiple factors discussed by the ALJ with regard to his consistency analysis, and his decision is supported by substantial evidence even if lack of treatment is disregarded.

[6] Plaintiff devotes some attention to subjective complaints of pain, [Doc. No. 22] at 8, but the ALJ considered his complaints and found they were not entirely consistent with the other evidence, [Doc. No. 6-2] at 22-23, so his argument merely asks the Court to reweigh that evidence. As to that "other evidence," Plaintiff cherry-picks aspects of his daily activities mentioned by the ALJ that do not relate to pain: i.e., listening to music, feeding the dogs, cooking pork chops, and watching television. [Doc. No. 22] at 8. This too is an invitation to reweigh evidence, and Plaintiff sidesteps the other relevant daily activities discussed by the ALJ which are more relevant to pain, such as dusting furniture, doing laundry, feeding the dogs, taking out the trash, putting groceries in the car, and some limited woodworking. AR [Doc. No. 6-2] at 21-22.

*Zachary*, 695 F.3d at 1167 (The ALJ is not required to "make a 'formalistic factor-by-factor recitation of the evidence'"), *see also* SSR 16-3P, 2016 WL 1119029, at *7 (the ALJ need not address factors for which "there is no information in the evidence of record."); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (recognizing the decision is sufficient "[s]o long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility.").

Plaintiff's only discernible objection to the pain analysis in the R&R is found at the end of his filing, where he objects to the ALJ and the Magistrate Judge's consideration of Plaintiff's work history as "other evidence" relevant to his pain. *See* [Doc. No. 22] at 9-10. This contention is without merit: SSR 16-3P expressly lists "prior work record" among "other evidence in the record" the ALJ may consider in connection with the latter step of the pain analysis with regard to "intensity, persistence, and limiting effects of an individual's symptoms." 2016 WL 1119029 at *5-6. Plaintiff is also plainly incorrect that work history is not among the considerations relevant to "intensity and persistence of symptoms" listed in 20 C.F.R. § 404.1529—it expressly states "information about your prior work record" will be considered among other evidence in the record. *Id.* § 404.1529(c)(1)-(3). Accordingly, Plaintiff's objection is without merit, and the Court adopts the conclusion and analysis set forth in the R&R.[7]

---

[7] Plaintiff also objects to the Magistrate Judge's citation to case law that discusses prior policy interpretations which have been "superseded SSR 16-3P." Obj. [Doc. No. 22] at 9-10. He suggests, without developing, those cases are no longer good law because SSR 16-3P abandoned "credibility" determinations in favor of "consistency" between subjective complaints of pain and other evidence in the record. *See id.* But the Tenth Circuit has recognized in persuasive authority that the analysis "remains substantially the same" after SSR 16-3P. *Olson v. Comm'r, SSA*, 843

6

Plaintiff also objects to the Magistrate Judge's conclusion that he did not adequately raise the issue regarding illiteracy in his opening brief, and further asserts the Magistrate Judge's harmless error conclusion is improper post-hoc rationale. Obj. [Doc. No. 22] at 2-3, 5-7.  Upon de novo review, the Court finds that Plaintiff's arguments regarding illiteracy suffer from a more fundamental problem: he has not shown the ALJ had any duty to develop the record regarding illiteracy in the first place.  There is no dispute Plaintiff never alleged any mental impairment when he applied for benefits, nor when his claim was denied and addressed on reconsideration.  AR [Doc. No. 6] at 57, 59, 62, 77, 91, 93, 96, 111, 257; *see also* Pl's Brief [Doc. No. 13] at 12-15; Obj. [Doc. No. 22] at 2-7.  At the administrative hearing, neither Plaintiff nor his counsel alleged any mental impairment as a basis for disability, and he denied any mental health impairment prevented him from working.  AR [Doc. No. 6-2] at 40, 52.

Under these circumstances, no duty to develop the record was triggered. *See Wall v. Astrue*, 561 F.3d 1048, 1063 (10th Cir. 2009) ("Because neither Claimant, nor her counsel, argued that memory loss contributed to Claimant's alleged disability, the ALJ did not err, under our precedents, in declining to develop the record in this regard."); *see also Jones v. Colvin*, 514 F. App'x 813, 824–25 (10th Cir. 2013) (finding no error in failure to assess a claimed mental impairment where the claimant was represented by counsel, "did not allege any mental impairment in her applications, her disability report, or her hearing

---

F. App'x 93, 97, n.3 (10th Cir. 2021).  Plaintiff wholly fails to articulate how consideration of work history is an inquiry related to credibility rather than consistency, and the fact that work history remains among relevant considerations in SSR 16-3P and 20 C.F.R. § 404.1529 confirms it may appropriately be considered.

testimony" and "[w]hen asked by the ALJ, both [the claimant] and her attorney said that they had nothing further to add"); *Branum v. Barnhart*, 385 F.3d 1268, 1271 (10th Cir. 2004) ("the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored," and the ALJ "may ordinarily require counsel to identify the issue or issues requiring further development." (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997))); *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir.1994) (rejecting the notion that an ALJ's duty of inquiry is "a panacea for claimants," requiring "reversal in any matter where the ALJ fails to exhaust every potential line of questioning").

In any event, Plaintiff has not submitted "evidence of a cognitive impairment that was substantial on its face" which could potentially trigger a duty to develop the record. *Wall*, 561 G.3d at 1063; *see also Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (to trigger the duty to develop, a claimant must raise an issue which is substantial "on its face," and he "has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." (citation omitted)). Plaintiff points to evidence regarding his ability to fill out forms, the fact that he did not graduate high school until age 20, and a question from Dr. Jason Gunter regarding Plaintiff's "understanding" and the need to contact a third party to elaborate on any difficulties understanding. Obj. [Doc. No. 22] at 4-7; *see also* AR [Doc. No. 6-3] at 10. But the latter inquiry was made by SSA when it contacted Lisa Roberts, who explained Plaintiff had a country way of talking, poor vocabulary, and issues filling out forms, but that he was able to learn by example. AR [Doc. No. 6] at 283-284. Accordingly, to the

8

extent there was evidence related to illiteracy, "there was not sufficient evidence to suggest a reasonable possibility that a severe impairment exists," therefore the Court "cannot say that the ALJ failed in his duty to develop the record." *Davison v. Colvin*, 596 F. App'x 675, 679 (10th Cir. 2014) (concluding that "conflicting evidence concerning [the claimant's] ability to fill out forms" and evidence he "took special education classes" was insufficient to warrant a duty to develop further evidence regarding illiteracy, particularly where it was not raised by the claimant or his lawyer).[8] Accordingly, no duty to develop the record was triggered in the first place, and the ALJ did not err in declining to consider illiteracy as a mental impairment.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 21] is ADOPTED, and the Commissioner's decision is AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 27th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[8] Because the Court finds no duty to develop the record regarding illiteracy was triggered in the first place, it need not address the issues raised in the R&R and Plaintiff's Objection regarding waiver of the issue in his opening brief and whether Plaintiff would have been considered disabled even if the ALJ were to assume he was illiterate.